IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DANIEL JACKSON,

    Plaintiff,　　　　　　　　　　　　　　　　　　OPINION AND ORDER

  v.　　　　　　　　　　　　　　　　　　　　　　　　　　　25-cv-749-wmc

WARDEN PAULA STOUDT,
BUSINESS OFFICE STAFF TITLBACH, and
COMPLAINT EXAMINER DANIEL GOFF,

    Defendants.

_____

    Plaintiff Daniel Jackson, who represents himself, is currently incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Wisconsin Secure Program Facility ("WSPF"). Jackson has filed a complaint against the following defendants employed at WSPF: Warden Paula Stoudt; Business Office Staff Titlbach; and Complaint Examiner Daniel Goff. Jackson alleges that these defendants are denying him access to federal bankruptcy court by refusing to fund a legal loan in excess of $200.00. (Dkt. #1, at 4.) Jackson has filed a motion to supplement the complaint with allegations that defendant Titlbach has also denied him a legal loan of $200.00 for several pending cases that he has filed. (Dkt. #7.) He recently filed a motion for a temporary restraining order and preliminary injunction, which appears to seek a court order directing defendants to fully fund his request for a legal loan. (Dkt. #8.)

    Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious,

1

fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). After screening the complaint as required, the motion to supplement is GRANTED, but the motion for a temporary restraining order and preliminary injunction is DENIED and the original complaint, as supplemented, will be DISMISSED with leave to amend for reasons set forth below.

OPINION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Plaintiffs must show a "clear need" for this "extraordinary equitable remedy." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). A plaintiff seeking a preliminary injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Jackson fails to meet the first criteria for a preliminary injunction because, after screening the complaint and proposed supplement as required, his pleadings are insufficient to state a claim and he does not show that he is likely to succeed on the merits.

Jackson's claims are actionable, if at all, under 42 U.S.C. § 1983, which requires a

2

plaintiff to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Jackson's primary claim is that defendant Titlbach has denied him access to courts because she has failed or refused to comply with Wis. Admin. Code § DOC 309.51 by providing him with legal loan funds for copying and correspondence.[1] However, § 1983 only "protects against 'constitutional violations, not violations of . . . departmental regulation[s] and . . . practices.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)). Even if defendants violated a prison policy, that fact, standing alone, does not establish a constitutional violation and cannot be a basis for relief under § 1983. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020).

To state a claim based on denial of access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)). Moreover, the injury must be a specific hinderance related to a lawsuit. *Owens v.*

---

[1] To hold an official liable under § 1983, the official must have had personal involvement in the alleged deprivation of the plaintiff's constitutional rights. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Jackson does not allege facts showing that defendants Stoudt or Goff had any involvement in his application for a legal loan. To the extent that Jackson sues Stoudt in her capacity as warden, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Jackson's allegations are insufficient to state a claim against either Stoudt or Goff.

*Evans*, 878 F.3d 559, 565 (7th Cir. 2017). Speculative, future harm is not sufficient. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). This requires plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Here, Jackson alleges that Titlbach has frustrated his litigation in the following cases: Calumet County Case No. 2021CF147; Calumet County Case No. 2022CF210; Outagamie County Case No. 2024CF552. Jackson does not provide *any* details about these proceedings or what Jackson was unable to file. Jackson alleges further that Titlbach also frustrated his ability to litigate *Jackson v. Tempelis et al.*, Case No. 25CV850, but court records from that case show that it was dismissed by the United States District Court for the Eastern District of Wisconsin as frivolous on October 31, 2025. Neither the original nor the supplemental complaint describe an underlying non-frivolous claim that Jackson has been unable to assert. Thus, Jackson fails to state a claim.

Although Jackson also alleges retaliation and a violation of procedural due process, his allegations are unsupported by sufficient facts showing that he has a claim under either theory. The court construes pro se complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). However, a pleading that offers no more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient to satisfy federal

4

pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Jackson's complaint falls short of stating an actionable claim, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(b). The Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the court will dismiss the complaint, as supplemented, but will give Jackson a brief window of time to file an amended complaint against the defendants, if he wishes to do so. Jackson is strongly encouraged to use a court approved form, which can be obtained from the clerk's office or a similar form available at the prison law library. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED THAT:

1) Plaintiff Daniel Jackson's motion for leave to supplement his complaint (dkt. #7) is GRANTED.

2) Plaintiff's complaint (dkt. #1), as supplemented (dkt. #7), is DISMISSED without prejudice for failure to state a claim.

3) Plaintiff has until January 9, 2026, to file an amended complaint on a court approved form. If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

4) The clerk's office is directed to provide plaintiff with a form complaint for use by prisoners or, alternatively, plaintiff may use any similar form available at the prison law library.

5) Plaintiff's motion for a temporary restraining order and preliminary injunction (dkt. #8) is DENIED.

Entered this 8th day of December, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge