IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DANIEL JACKSON,

      Plaintiff,                                OPINION AND ORDER

    v.                                             25-cv-749-wmc

WARDEN PAULA STOUDT,
BUSINESS OFFICE STAFF TITLBACH, and
COMPLAINT EXAMINER DANIEL GOFF,

      Defendants.

_____

Plaintiff Daniel Jackson, who represents himself, is currently incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Wisconsin Secure Program Facility ("WSPF"). Jackson filed a complaint alleging that the following prison officials at WSPF denied him access to courts by failing or refusing to fund a legal loan: Warden Paula Stoudt; Business Office Staff Titlbach; and Complaint Examiner Daniel Goff. (Dkt. #1, at 4.) The court allowed plaintiff to supplement that complaint, which was then dismissed without prejudice for failure to state a claim while allowing plaintiff leave to further amend. (Dkt. #9.)

Plaintiff has now filed a proposed amended complaint. (Dkt. #12.) Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  After screening the proposed amended complaint as required, this action will be dismissed for the reasons set forth below.

## ALLEGATIONS OF FACT

Plaintiff Daniel Jackson alleges that, in August 2025, he applied to the WSPF business office for a legal loan for purposes of filing bankruptcy, but that defendant Titlbach denied that request.  Plaintiff alleges further that Titlbach similarly denied legal loan funds that hampered his ability to litigate another case in state court that was filed against him in *Community First Credit Union v. Daniel Jackson*, Calumet County Case No. 2025SC381.  In that case, a lender had filed a replevin action to take possession of plaintiff's 2021 Jeep Grand Cherokee.[1]

Under the Wisconsin legal loan program, state inmates are permitted loans of up to $100 per year to assist them in paying for the paper, photocopying, and postage needed to file legal documents.  *See* Wis. Admin. Code DOC § 309.51(1); Wis. Stat. § 301.328(1m). The DOC Division of Adult Institutions ("DAI") has a published policy that guides prison administrators in implementing the legal loan program.  DAI Policy # 309.51.01(II) provides that "[c]riteria used by facility staff to determine eligibility or ineligibility for a

---

[1] Courts may take judicial notice of the state court records.  *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).  Court records confirm that a judgment of replevin was entered against plaintiff, who is currently challenging the result on appeal.  (Dkt. #12, at 5.)

legal loan include, but are not limited to" ten listed factors. For example, the policy permits consideration of "[i]nmate account balances," the "[n]ature of pending litigation and current legal needs," and "[t]he inmate's history of repayment of legal loans." DAI Policy # 309.51.01(II)(A), (E), (I).  According to exhibits attached to the complaint, plaintiff applied to the WSPF business office for legal loans related to his desire to file for bankruptcy and in connection with Calumet County Case No. 2025SC381, but those requests were denied because they were not covered by the legal loan program.[2]  Alleging that Titlbach's actions interfered with his right to access the courts, which is protected by the First and Fourteenth Amendments, plaintiff seeks monetary damages under 42 U.S.C. § 1983.

OPINION

The Constitution guarantees prisoners a right to have "meaningful access to the courts." *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  As explained to plaintiff previously (dkt. #9), to state a violation of that right a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)).  A plaintiff must

---

[2] Plaintiff's exhibits do show that one legal loan request was eventually approved after he appealed through the Inmate Complaint Review System ("ICRS") and was allowed postage to contact  the Legal Aid Society of Milwaukee.  (Dkt. #12-1, at 10.)  He was still denied funds to print bankruptcy forms, however, because he had not completed a required course in financial management.  (*Id.*)

connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). "A prisoner states an access-to-courts claim when he alleges that even though he successfully got into court by filing a complaint or petition challenging his conviction, sentence, or conditions of confinement, his denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 556 F.3d 965, 970 (7th Cir. 2006).

Plaintiff's amended complaint fails to state a claim for several reasons. First, plaintiff does not allege facts showing that Warden Stoudt or Complaint Examiner Goff had *any* personal involvement in the alleged denial of access to courts. To be held liable for a constitutional violation under 42 U.S.C. § 1983, a defendant must have been personally involved in the alleged violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation). To the extent that Warden Stoudt and Complaint Examiner Goff may have been involved in reviewing the grievances that plaintiff filed to challenge the denial of a legal loan, prison officials who review a prisoner's administrative complaint regarding a completed act of misconduct cannot be held liable for rejecting that complaint because "only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, the claims against defendants Stoudt and Goff must be dismissed.

Second, to the extent that plaintiff primarily faults defendant Titlbach for denying him a legal loan to fund his litigation efforts, the Seventh Circuit Court of Appeals has expressed skepticism that the state must provide prisoners *financial* assistance to litigate a case. In the context of discussing Wisconsin's legal loan program, the Seventh Circuit has stated that a prisoner "has no constitutional entitlement to subsidy to prosecute a civil suit." *Johnson v. Foster*, 786 F.3d 501, 506-07 (7th Cir. 2015); *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Even so, prison officials must provide prisoners the legal supplies necessary to litigate a case, including basic scribe materials and postage, if they cannot afford those items themselves. *Ripp v. Nickel*, 838 F. Supp. 2d 861, 864 (W.D. Wis. 2012) (citations omitted).

Unfortunately for plaintiff, the obligation to provide legal supplies for indigent prisoners only goes so far. *See Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995) ("prisoners are not entitled to limitless supplies of [basic scribe materials], merely to that amount minimally necessary to give them meaningful access to the courts"). Here, plaintiff alleges that defendants frustrated his ability to litigate a bankruptcy matter and a case filed against him in small claims court. Because neither proceeding concerned his criminal conviction, sentence, or conditions of confinement, they are not protected by the right to access the courts. *See Lewis*, 518 U.S. at 355. Thus, plaintiff fails to state a claim.

Because plaintiff's amended complaint does not state a claim, and he has already had an opportunity to amend, the court is dismissing this action without leave to amend, since any amended pleading would be futile under the circumstances. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave

to amend where . . . the amendment would be futile").

ORDER

IT IS ORDERED THAT:

1) Plaintiff Daniel Jackson is DENIED leave to proceed with his amended complaint (dkt. #12) and this action is DISMISSED with prejudice for failure to state a claim.

2) The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge